IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No.  05-cr-00404-REB-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  KENNETH FRANKLIN FUQUA,

    Defendant.

## ORDER GRANTING GOVERNMENT'S RULE 35(b) MOTION

**Blackburn, J.**

The matter before me is **Government's Rule 35(b) Motion** [#333] filed May 3, 2007. Defendant has filed a response. I grant the motion.[1]

The chronology of relevant events is uncontroverted. On May 18, 2006, I orally announced the imposition of sentence against defendant. *See* [#131] and **Fed.R.Crim.P. 35(c)**. On June 5, 2006, I entered the concomitant Judgment in a Criminal Case. *See* [#169].  On May 3, 2007, the government filed **Government's Rule 35(b) Motion**. *See* [#333].[2] On May 21, 2007, the defendant filed a response. *See* [#355].

At the sentencing hearing conducted on May 18, 2006, I granted the

---

[1] Having reviewed the record and having taken judicial notice of all relevant adjudicatory facts, no evidentiary hearing or oral argument is required. The matter stands submitted on the motion, response, and record.

[2] Thus, the government's motion is timely filed, i.e., within one year of the oral announcement of sentencing. *See* **Fed.R.Crim.P. 35(b)(1)** and **(c)**.

**Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance**, *see* [#130], and departed downward from 120 months to 90 months imprisonment.[3] In their plea agreement the parties had contemplated a sentencing range of 60 to 80 months imprisonment. *See* Plea Agreement (Court's Exhibit 1) at 10, ¶ IV.H.

In its Rule 35(b) motion the government requests a further reduction in sentence based on defendant's substantial assistance rendered subsequent to sentencing. The government recommends a further reduction of 12 to 18 months, which would result in a sentence to imprisonment of between 72 to 78 months. *See* Motion at 2.

In his response defendant requests a sentence reduction to 70 months. *See* Response at 2. Defendant recommends 70 months because this is the midpoint between the 60 to 80 months discussed by the parties in their plea agreement. *See id*.

The government is uniquely positioned to measure the quantity and quality of defendant's assistance both before and after sentencing. Based on the government's representations about defendant's substantial assistance, a further reduction in sentence of 12 to 18 months is warranted under Fed.R.Crim.P. 35(b). The nature and extent of defendant's substantial assistance both before[4] and after sentencing warrants a further reduction of 18 months to a modified sentence of 72 months.

---

[3] The total, adjusted, advisory offense level was 27, and the advisory, criminal history category was IV, which produced an advisory, guideline, sentencing range of 120 months (the statutory mandatory minimum) to 125 months.

[4] I may and have considered defendant's presentence assistance. *See* **Fed.R.Crim.P. 35(b)(3)**.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Government's Rule 35(b) Motion** [#333] filed May 3, 2007, is granted;

2. That defendant's sentence to imprisonment is reduced by 18 months to a sentence of imprisonment of 72 months;

3. That on release from imprisonment, defendant shall be placed on supervised release for a term of five (5) years, subject to the mandatory, standard, and explicit conditions of supervised release announced orally during the sentencing hearing on May 18, 2006, and reiterated in writing in the judgment entered June 5, 2006; and

4. That the **Judgment in a Criminal Case** [#169] entered June 5, 2006, shall be amended to the extent necessary to facilitate and implement these orders.

Dated May 22, 2007, at Denver, Colorado.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Judge**